UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KEVIN TUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:12-cv-95-WTL-WGH |
| ) | |
| CLARK SECURITY, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss (dkt. no. 8). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

## I.   STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## II.   BACKGROUND

The facts as alleged in the Complaint are as follow. Plaintiff Kevin Tuck is an African-American male. On September 17, 2011, Tuck filed a charge of discrimination against Defendant

Clark Security ("Clark"), alleging that Clark had discriminated against him on the basis of race. According to the charge, Tuck was required to find someone to "cover" him when he requested two days of unpaid vacation, which requirement was not imposed on white employees. Tuck was also instructed to come to work fifteen minutes early to relieve the prior shift. Tuck alleges that he was not paid for this extra time, and white employees were not required to work fifteen minutes unpaid each night. Tuck further alleges that he was fired for falsifying his time sheet when he had in fact worked the number of hours he had reported on his time sheet. According to Tuck, "white employees have not been subject to such adverse employment decisions."

On March 14, 2012, the EEOC issued Tuck a Dismissal and Notice of Rights, issuing its determination that it was unable to conclude that the information obtained established race discrimination. On June 12, 2012, Tuck filed suit against Clark in Vanderburgh Superior Court alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964. Tuck incorporated his EEOC discrimination charge by reference and further indicated his belief that Clark "has engaged in additional acts of unlawful discrimination which Plaintiff has not yet been able to identify." Finally, Tuck alleged that Clark "misrepresented facts to the EEOC and the Indiana Civil Rights Commission during their investigation." Clark has since removed the case to this Court and now moves to dismiss the Complaint.

### III.   DISCUSSION

The brunt of Clark's argument for dismissal is that Tuck has not alleged factual support for his claim of race discrimination and has instead merely recited labels and legal conclusions. However, the EEOC charge, which is incorporated into the Complaint by reference, gives Clark sufficient notice of the claims against it. Stripped to its core, Tuck's complaint asserts at least one claim plausibly entitling him to relief: Tuck was required to work fifteen minutes per shift

unpaid while white employees were not so required. Contrary to the Defendant's contention, requiring Tuck to work unpaid while not requiring white employees to do the same alleges a colorable adverse employment action. Some of Tuck's other allegations may not connect all the dots, but that is not sufficient reason to dismiss his complaint in its entirety. *See U.S. ex rel Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 379 (7th Cir. 2003) (explaining that, with respect to a windy, long complaint, a judge should not insist that the parties perfect their pleadings, for a district court is not "authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading").

## IV.  CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss is **DENIED**.

SO ORDERED:   11/29/2012

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.